**Sean J. Riddell, OSB 013943**
sjr@seanjriddellpc.com
2905 NE Broadway
Portland, Oregon 97232
Telephone: (971) 219-8453

**Ashley R. Cadotte, OSB 122926**
Ashley@ashleycadottelaw.com
2905 NE Broadway
Portland, Oregon 97232
Telephone: (971) 804-0898

**Of Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **YASMINE MCDONALD**, an individual, and **PATRICIA QUAYE**, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>**TODD BLANCHE,** Attorney General of the United States in his official capacity**,** and **WARDEN ANDREW COOPER,** individual and in his official capacity.<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Violations of 42 U.S.C. § 1983- First Amendment; 42 U.S.C. § 2000e-2 - Title VII of the Civil Rights Act – Gender Discrimination; and 42 U.S.C. § 2000e-3(a) – Title VII of Civil Rights Act - Whistleblowing<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

## INTRODUCTION STATMENT

1.

This action is filed by Plaintiffs under 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1983 – First Amendment – Right to Petition.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over Plaintiffs' claims of violations of federal statute under 28 U.S.C. §§ 1331.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that Plaintiffs claims for relief arose in this District.

## PARTIES

4.

Plaintiff Patricia Quaye (hereinafter "Quaye"), is a citizen of the United States and a resident of Polk County, Oregon. At all material times, Quaye worked for the Bureau of Prisons (hereinafter "Bureau").

5.

Plaintiff Yasmine McDonald (hereinafter "McDonald"), is a citizen of the United States and a resident of Marion County, Oregon. At all material times, McDonald worked for the Bureau of Prisons.

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

6.

Defendant Todd Blanche ("Blanche") was at all times relevant the Attorney General of the United States and authorized to supervise, manage and control the Federal Bureau of Prisons.

7.

At all material times, the Bureau employed Warden Andrew Cooper ("Warden Cooper" "Cooper" or "Defendant Cooper") as a Warden or Interim Warder at Sheridan Federal Correctional Institution, and agent of the Bureau, acting under color of law and he is also sued in his individual capacity. At all material times, Defendant Cooper was acting pursuant to the Bureau's practices or customs. Defendant Cooper was a final policy maker and empowered to terminate probationary employees' employment when serving as a Warden or Interim Warden.

**TORT CLAIM NOTICE**

8.

On or about January 20, 2026, Plaintiff McDonald sent a Tort Claim Notice to the Federal Bureau of Prisons pursuant to 28 U.S.C. §§ 2671-2680. On or about March 3, 2026, the U.S. Department of Justice – Federal Bureau of Prisons sent a letter to McDonald acknowledging the Tort Claim Notice, denying McDonald's claim and informing Plaintiff McDonald she must file a civil claim within six months of March 3, 2026.

9.

On or about January 20, 2026, Plaintiff Quaye sent a Tort Claim Notice to the Federal Bureau of Prisons pursuant to 28 U.S.C. §§ 2671-2680. On or about March 3, 2026, the U.S. Department of Justice – Federal Bureau of Prisons sent a letter to McDonald acknowledging the



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

Tort Claim Notice, denying McDonald's claim and informing Plaintiff McDonald she must file a civil claim within six months of March 3, 2026.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.

On or about January 19, 2026, Plaintiff McDonald filed a complaint with Bureau's Equal Employment Office ("EEO"). The complaint was investigated by a contract firm Adept Services Inc. On July 28, 2026, at the conclusion of the EEO investigation, the Bureau sent Plaintiff McDonald a letter stating that the Bureau did not issue findings on the merits and informing Plaintiff McDonald that she had a right to file a civil complaint.

11.

On or about September 28, 2026, Plaintiff Quaye filed a complaint with Bureau's Equal Employment Office ("EEO"). The complaint was investigated by a contract firm Adept Services Inc. On June 29, 2026, at the conclusion of the EEO investigation, the Bureau sent Plaintiff Quaye a letter stating that the Bureau did not issue findings on the merits and informing Plaintiff Quaye that she had a right to file a civil complaint.

**FACTUAL ALLEGATIONS**

12.

At all times relevant, Joshua Wagner ("Wagner") was an employee of the Federal Bureau of Prisons. Throughout Wagner's employment with the Bureau, he was known by co-workers, supervisors, and management to make sexually in appropriate comments at work, sexually proposition spouses of co-workers, recount sexual encounters with women at work, and exhibit naked photos of women at work. There is sufficient information and belief to allege the Bureau



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

was aware of the sexually hostile work environment Wagner created and took no corrective action.

13.

On or about August 16, 2025, Plaintiff Quaye reported to Bureau Management that Wagner was disseminating intimate photos of Plaintiff McDonald to other Bureau employees, or Wagner was disseminating intimate photos of an African American woman and telling Bureau employees that the woman in the photo was Plaintiff McDonald. Plaintiff Quaye also reported Wagoner's conduct to local law enforcement.

14.

On or about August 22, 2025, Plaintiff McDonald reported to Bureau Management that Wagner was disseminating intimate photos of Plaintiff McDonald to other Bureau employees, or Wagner was disseminating intimate photos of an African American woman and telling Bureau employees that the woman in the photo was Plaintiff McDonald.

15.

On or about August 27, 2025, Plaintiff Quaye filed for a Stalking Protective Order against Wagoner in the Circuit Court of Linn County, State of Oregon. The court granted Plaintiff a temporary Stalking Protective Order on August 27, 2025 and a permanent Stalking Protective Order on or about December 19, 2025.

16.

On or about August 28, 2025, Plaintiff Quaye presented Bureau management with a copy of the Stalking Protective Order and requested that Bureau management take the necessary steps to keep Wagoner from having any contact with Plaintiff Quaye. On or about the same time,



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

Plaintiff Quaye reported to Bureau Human Resources ("HR") and management that coming into contact with Wagoner was causing severe emotional distress to include panic attacks, anxiety, feelings of shame, and an inability to focus on work. There is sufficient information and belief to allege the Bureau did not take sufficient measures to keep Wagoner separate from Plaintiff Quaye and in fact told Plaintiff Quaye that the Bureau could not promise that she would not have contact with Wagoner while at work.

17.

On or about September 24, 2025, Plaintiff McDonald filed for a Stalking Protective Order against Wagoner in the Circuit Court of Linn County, State of Oregon. The court granted Plaintiff a temporary Stalking Protective Order on September 25, 2026.

18.

On or about September 25, 2025, Plaintiff McDonald presented the temporary Stalking Protective Order to Bureau management and HR. Bureau management agents and HR agents informed Plaintiff McDonald that they could not promise that she would not have contact with Wagoner while at work and that they would not honor the Temporary Stalking Protective Order. Plaintiff McDonald reported that Wagoner's conduct and the continued threat of contact with Wagoner was causing her anxiety and impacting her ability to perform her duties. Plaintiff McDonald also reported male co-workers sexually harassing due to Wagoner's conduct, female co-workers shunning her due to Wagoner's conduct and, at least, one co-worker physically threatening her. There is sufficient information and belief to allege that Bureau management did not investigate Plaintiff McDonald's reports of harassment and did not take the appropriate actions to keep Plaintiff McDonald and Wagoner apart.



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

19.

On or about November 7, 2025, Defendant Cooper terminated Plaintiff McDonald's employment with the Bureau. There is sufficient information and belief to allege that Defendant Cooper terminated Plaintiff McDonald's employment in part due to complaint filed with the Equal Employment Office, and/or Plaintiff McDonald's application for a Temporary Stalking Protective Order.

20.

In the month of November 2025, Plaintiff Quaye personally served employees of the Bureau to attend the contested case hearing in support of her application for a Stalking Protective Order. Plaintiff Quaye personally served Jason Arnold, Cody Angela, Bryant Haight, Jason Arnold and Glenn Ables.

21.

There is sufficient information and belief to allege an agent or agents of the Bureau contacted the above served employees and instructed them to not appear at the hearing in support of Plaintiff Quaye's application for a Stalking Protective Order.

22.

On or about November 10, 2025, Polk County Circuit Court held a contested hearing on Plaintiff Quaye's application for a Stalking Protective Order. All but one personally served Bureau employees appeared at the hearing. The Bureau did not file a motion to quash the trial subpoenas. The Bureau and the Bureau agents unlawfully intimidated and threatened the employees.

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

23.

Upon motion of counsel, the Polk County Circuit Court issued an Order to Show Cause. Specially, the court found:

- Bryant Haight's testimony is relevant and necessary for the court to determine the merits of petitioner's claim;
- Bryant Haight was properly served with a subpoena to testify and with appropriate witness fee;
- Bryant Haight failed to appear at the date and time specified on the subpoena; and
- Bryant Haight is hereby ordered to appear in Polk County, Courtroom #4, 884 SE Jefferson Street, Dallas, Oregon 97338 at 9:00am on December 19, 2025 to give any legal reason why this court should not find him in contempt.

24.

On or about November 24, 2025, Bryant Haight was personally served with the court's order.

25.

On or about December 9, 2025, an agent of the Bureau, Oscar Trinidad, sent a letter to Plaintiff Quaye's counsel in relevant part stating:

Correctional Officer Haight is authorized to testify on December 19, 2025, in the matter referenced above, or on any continued date regarding:

- Communications and documentation received from you, Mr. Riddell, or your office, regarding the above-captioned matter.



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

- Any non-privileged guidance, instructions, order, and reasons for failing to appear at the date and time, November 10, 2025, at 9:00am specified on the subpoena.

26.

On November 5, 2025, Plaintiff Quaye's attorneys provided Mr. Trinidad with: Plaintiff McDonald's petition for a Stalking Protective Order and the associated exhibits; and Plaintiff Quaye's petition for a Stalking Protective Order and associated exhibits.

On November 7, 2025: Salem Police Department investigation #SMP25072642 – that included a summary of Mr. Haight's statement to law enforcement.

27.

On or about December 19, 2025, Mr. Trinidad would not allow Mr. Haight to answer any questions from Plaintiff Quaye's counsel with no consideration of whether the questions related to "Communications and documentation received from you, Mr. Riddell, or your office, regarding the above-captioned matter." Furthermore, Mr. Trinidad, who is not admitted to practice law in Oregon, sat in the gallery of the courtroom and unethically intimidated or unethically coached Mr. Haight on how to answer Plaintiff Quaye's counsel questions. At one point in the hearing, Mr. Trinidad was seen shaking his head and mouthing the word "No" to Mr. Haight, while Mr. Haight was on the stand and under oath.

///

///

///

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

28.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e**
**Gender Discrimination and Hostile Work Environment**

29.

Plaintiffs re-alleg and incorporates by reference the facts and allegations set forth in the paragraphs above.

30.

Plaintiffs belong to a protected class under Title VII based on their sex as females.

31.

Throughout Plaintiffs tenure, they were subjected to persistent, unwelcome, and derogatory gender-based conduct by Wagoner, their supervisors, management, and co-workers. The unwelcome conduct included but was not exclusive to: Management's knowledge of Wagoner's and other employees pervasive sexually and gender derogatory comments; Wagoner's and other employees dissemination and exhibition of intimate photographs of women at the work place; Wagoner's and other employees insinuation that the intimate photographs in their possession were of female co-workers; Bureau management and supervisors failure to correct Wagoner's and other employees conduct; Bureau management and supervisors failure to keep Wagoner separate from plaintiffs after the Bureau was put on notice of Wagoner's discriminatory conduct; Bureau management and supervisors failure keep Wagoner separate from plaintiffs after the Bureau was put on notice of two valid temporary Stalking Protective Orders; Bureau management, supervisors and legal advisors unlawfully intimidation of witnesses subpoenaed in support of Plaintiff Quaye's application for a Stalking Protective Order; and



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

Bureau management, supervisors and legal advisors unlawfully and unethically intimidation of witnesses and coaching witnesses during Plaintiff Quaye's hearing for a Stalking Protective Order.

32.

The conduct described above was unwelcome and based explicitly on Plaintiffs' gender.

33.

The harassment and hostile work environment were sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment and created an abusive, intimidating and offensive working environment.

34.

Defendant is vicariously and/or directly liable because the harassment was perpetrated or allowed to exist by inaction by management-level supervisor and/or because management failed to act despite actual notice.

35.

As a direct and proximate result of Defendant's unlawful acts, Plaintiffs have suffered loss of future income, loss of wages, impairment of earning capacity, and other economic damages in an amount to be determined by a jury at the time of trial.

38.

As a direct and proximate result of Defendants' unlawful acts, Plaintiffs suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

39.

Plaintiff is entitled to reimbursement of his reasonable attorney fees and costs, pursuant to 42 U.S.C. § 2000e-5(k).

**SECOND CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3**
**Whistleblowing**

40.

Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the paragraphs above.

41.

Title VII makes it unlawful for an employer to discriminate against an employee because the employee has opposed a practice made unlawful by Title VII or because the employee has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

42.

Plaintiffs engaged in protective activity. Specifically, plaintiffs reported Wagoner's and the Bureau's violations of Title VII to the Office of Equal Employment and Opportunity, and each filed for a Stalking Protective Order in Polk County Circuit Court. Plaintiff Quaye also reported the Bureau's and Wagoner's unlawful conduct to the Salem Police Department.

43.

The Bureau was aware of Plaintiffs engaged in protective activity.

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

44.

The Bureau thereafter subjected Plaintiffs to materially adverse employment actions, including but not exclusive to:

- Termination of Plaintiff McDonald;
- Refusal to correct Wagoner's discriminatory conduct;
- Refusal to properly investigate Plaintiffs' reports of gender discrimination;
- Refusal to protect Plaintiffs from the ridicule, ostracization; and gender discriminatory conduct of other employees; and
- The intimidation of witnesses lawfully subpoenaed to support Plaintiff Quaye's petition for a Stalking Protective Order.

45.

The Bureau's actions were motivated by Plaintiffs' protected activity.

46.

There is a causal connection between Plaintiffs' protected activity and Defendant's adverse employment actions, as demonstrated by, among other things, the temporal proximity between the protected activity and retaliation, Defendant's knowledge of the protected activity, the statements and conduct of Defendant's decisionmakers, deviations from normal procedures, disparate treatment, and the pretextual nature of Defendant's asserted reasons.

47.

Defendant's conduct violated 42 U.S.C. § 2000e-3(a). Defendant's retaliation caused Plaintiff substantial damages. Plaintiffs are entitled to all relief available under Title VII.



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

48.

As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have incurred economic losses, including but not limited to lost income, lost benefits and seniority and medical expenses. The losses are continuing to accrue daily and will be determined by a jury at the time of trial.

49.

As a direct and proximate result of Defendant's unlawful acts, Plaintiffs have suffered loss of future income, loss of wages, impairment of earning capacity, and other economic damages in an amount to be determined by a jury at the time of trial.

50.

As a direct and proximate result of Defendants' unlawful acts, Plaintiffs suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

51.

Plaintiff is entitled to reimbursement of his reasonable attorney fees and costs, pursuant to 42 U.S.C. § 2000e-5(k).

///

///

///

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 First Amendment retaliation**
**Defendant Cooper**

52.

Plaintiff McDonald re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

53.

In violation of 42 USC § 1983, Defendant Cooper deprived Plaintiff McDonald of her constitutional rights established under the First Amendment clause guaranteeing the right to petition for redress of grievances, i.e., her right to file a complaint with the Office Equal Employment and Opportunity, and her right to petition for a Stalking Protective Order, all without unreasonable interference from agents of the government.

54.

Defendant Cooper deprived Plaintiff McDonald of her constitutional rights by terminating Plaintiff McDonald's employment with the Bureau in whole or in part due to her exercise of her first amendment rights.

55.

As a direct and proximate result of Defendant Cooper's unlawful acts, Plaintiff McDonald has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

56.

As a direct and proximate result of Defendant Cooper's unlawful acts, Plaintiff McDonald has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

57.

As a direct and proximate result of Defendant Cooper's unlawful acts, Plaintiff McDonald suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

58.

Plaintiff McDonald is entitled to reimbursement of his reasonable attorney fees, witness fees, expert fees, litigation expenses and costs pursuant to 42 U.S.C. § 1988(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, in amounts to be determined at trial, as follows:

1. Economic damages in the form of lost wages and benefits, and prejudgment interest;
2. Consequential damages, including loss of future income and impairment of earning capacity;
3. Compensatory damages;

///

///

///



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453

4. Reasonable attorney fees, witness fees, expert fees, litigation expenses and costs; and

5. Such other relief as the Court deems just and equitable.

DATED this 25th day of August, 2026.

s/ Sean J. Riddell
Sean J. Riddell, OSB #013943

s/ Ashley R. Cadotte
Ashley R. Cadotte, OSB#122926

*Of Attorneys for Plaintiffs*



Ashley Cadotte Law
2905 NE Broadway
Portland, OR 97232
ashley@ashleycadottelaw.com
971 804 0898

Sean J. Riddell PC
2905 NE Broadway
Portland, OR 97214
sjr@seanjriddellpc.com
971 219 8453